**Allen D. SAPP, Appellee,**

v.

**DRIVERS, CHAUFFEURS AND HELPERS LOCAL UNION 639, Affiliated with International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Appellant.**

No. 75–2304.

United States Court of Appeals, Fourth Circuit.

Argued Sept. 15, 1976.

Decided Oct. 8, 1976.

S. G. Lippman, Washington, D.C. (Lippman & Hart, Irwin Mininberg, Rhodes, Galfond & Mininberg, Washington, D.C., on brief), for Local Union 639.

Thomas J. Morris, Arlington, Va., for Sapp.

Before HAYNSWORTH, Chief Judge, and WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

Teamsters Local 639 appeals the judgment of the district court holding the union liable to Allen Sapp for damages arising from a secondary boycott. Sapp, a trucker, worked for both the prime employer and a secondary employer who was a subcontractor of the prime employer. The union does not now contest the illegality of its conduct. It concedes, moreover, on the basis of evidence contained in this record, that Sapp is entitled to assert a claim under section 303(b) of the Labor Management Relations Act, 29 U.S.C. § 187(b),[1] for damages attributable to the cessation of his business with the prime employer. It contends, however, that the loss caused by the cessation of his business with the subcontractor was incidental to the union's activities and, therefore, too remote for him to recover damages under section 303(b).

We affirm the district court's ruling that section 303(b) affords Sapp a remedy even though he was employed by a subcontractor of the prime employer. The evidence disclosed that one of the objects of the union's activities was to replace Sapp with a trucker who employed union members. Thus, his loss was not simply an incidental consequence of the union's illegal secondary boycott. *W. J. Milner & Co. v. Local 349, IBEW*, 476 F.2d 8 (5th Cir. 1973). *But see United Mine Workers v. Osborne Mining Co.*, 279 F.2d 716, 729 (6th Cir. 1960) (dictum).

The union also complains that the evidence was insufficient to sustain the amount of damages which the district court awarded. It charges that the union was not responsible for part of the time that Sapp was absent from the job. It also contends that the amount of damages was conjectural because Sapp, having failed to properly list his exhibits as required by the pre-trial order, was unable to introduce records to corroborate his testimony.

We uphold the award of damages for the entire period that Sapp was off the job because the district court could properly find from the evidence that his lack of work was caused by the union's activities. We furthermore find that Sapp's loss could be ascertained from his testimony even though he did not introduce his account books. Since his records had been made available to the union, it could have used them to cross-examine Sapp about any discrepancies in his testimony.

*Affirmed.*

1. Section 303(b) provides: "Whoever shall be injured in his business or property by reason [of any illegal boycott] may sue therefor in any district court . . . and shall recover the damages by him sustained . . . ."